And that brings us to the last case on the argument calendar today. That's Amelio v. Quicken Loans, et al. Thank you. Thank you. Did you hear me, your honors? Yes. Yes, but... I'm getting an echo. I'm getting an echo. And I can't see you. And I can't see you. Now I can. Now I can. Hold on, we're going to see if we can correct this echo. I just turned off the power to a blower that might be causing noise. Let's see. Let's see. No, that doesn't do it. No, that doesn't do it. Hold on for one second. Hold on for one second. I see you. I see you. I see you. I see you. I see everybody. I hear everybody. No echo on my end. Everything's great. Yeah. I think it's just our end. Yeah. I think it's just our end. Can we, can we...   Some of the other folks? Mr. Emilio, do you have a pair of headphones? Yes. I can try those. But there's no echo on. There's no echo on. Is there? We're the ones who are hearing ourselves echoing. I don't see. I don't see.       I agree. Do you want me to try my headphones? Yeah, try the headphones. Yeah, try the headphones. Does that help? Let's see. Yeah, I think that does the trick. Yeah, I think we were getting reverberation from our voices coming out on your end and getting played back to us. So I think the headphones should correct this problem. So I'll call the case. This is Emilio versus Quicken Loans et al. And Mr. Emilio, you are appearing via video, so we can see you and now we can hear you and you can hopefully hear us. And I just want to be clear for the appellees. Mr. Evans is the only one arguing or is everybody arguing? I'm the only one arguing. I'm presenting argument on the position shared by all appellees. My friends representing the other appellees who have requested argument are here and are available to answer any questions. If you have any that are go to their specific arguments rather than the positions shared by all appellees. All right. So we'll come back to that then. Thank you. All right. So Mr. Emilio, you have five minutes total. We've given you a minute that you've reserved a minute for rebuttal. So that gives you four minutes now to start. The floor is yours. You may begin. Yes. Good morning, your honors. And I appreciate the remote appearance. I am working and unfortunately I didn't have great time to prepare, but I appreciate the remote hearing. This appeal presents a narrow issue, whether the district court erred in dismissing the entire action under Rule 12B1 for lack of subject matter jurisdiction, and we submit that it did. We, this is my brother Alfonso, he's medically ill and due to the circumstances he couldn't be here. The complaint alleged independent federal claims, including RICO, fraudulent conduct, coordinated litigation, misconduct, and post-judgment service and irregularities. And under Hoblock and Cho, Rockefellman applies only when the injury is caused by the state court judgment itself. Our alleged injuries arise from defendant's independent conduct and not from the foreclosure judgment. Therefore, at a minimum, the district court had jurisdiction to consider those claims and should not have dismissed the entire case under Rule 12B1. One of the main points is independent injury. The second Hoblock factor is this positive. The foreclosure judgment did not create the alleged fraud, fabricated assignments, coordinated conduct, or post-judgment misconduct. Well, can I ask you just about one cause of action? That's count 18 of your complaint. That's the one that seeks a declaratory judgment that you're the lawful owner of the property. I mean, that one does seem to contradict or contravene the state law ruling. Would you agree with that? The jurisdictional question is not whether some remedies may not be unavailable. In addition to some overlapping requests, Your Honor, for relief, the complaint alleges independent misconduct and seeks damages arising from conduct that preceded and followed the foreclosure proceedings. I hope... Well, one of these that has been alleged is mental suffering, but the problem with mental suffering under New York law, which we have to apply, is that the standard in a complaint to meet the minimal requirements of mental suffering in New York are huge. And that almost never is that met. And I don't quite see in your complaint sufficient element of that, which isn't covered by the previous things, to get by. I respect that, Your Honor, and I understand that, and it might not be available. It's the other jurisdictional issues that were raised that this court does have jurisdiction to hear, and those should have been heard. That's pretty much what I've been trying to say, and I appreciate that. So, Mr. Emilio, you're certainly arguing, obviously, that the district court misapplied the Rooker-Feldman doctrine with respect to all or most of your claims. Yes. There were alternative grounds that were offered by the defendants, including collateral estoppel and res judicata, which the district court never addressed. And so, should we get to those now? I mean, certainly the appellees, your adversaries, are suggesting we should just get to those now, even though the district court didn't deal with them. If I did that, I'd be doing myself a disservice. I've been, you know, I don't know if you read my continuance request, but those issues should have been addressed in the order, and they were left out. So, the judge dismissed the case basically only on Rooker-Feldman, so those are issues that should have been findings and conclusions on that order, because those were also argued in all the pleadings. So respectfully, if I did that, I don't think I could be prepared enough, because with the whole window that I had, I focused on what the order was.  All right. No, that's fine. So I think you've got a minute for rebuttal, so we've gone over for your time, but we'll now hear from Mr. Evans on behalf of the appellees or the defendants in this case, and then you'll get a minute to respond. Thank you. Thank you, Your Honor. I appreciate that. Yeah. All right. Mr. Evans. Thank you, Judge Sullivan, and may it please the court. William Evans for Quicken Loans, now known as Rocket Mortgage, LLC. As I mentioned at the beginning of argument, I'll be speaking to the position shared by all the appellees. My friends representing the other appellees who requested argument are here and can answer any questions the panel has with respect to specific arguments that they've raised, if that would be helpful to the panel. The district court's dismissal of the third amended complaint should be affirmed for three reasons. First, the court properly applied the Rooker-Feldman doctrine. Plaintiffs filed this suit in the district court a year and a half after losing in a New York foreclosure proceeding, and a year after the relevant investment property was sold at auction to defendant Concrete Properties. Plaintiffs directly allege that the foreclosure judgment was procured by fraud, and they seek relief voiding the mortgage and declaring plaintiffs the owners of the property. As the Supreme Court put it just last week in the TM decision, this is, quote, the paradigm situation in which Rooker-Feldman precludes a federal district court from proceeding. A case brought by state court losers complaining of injuries caused by a state court judgment rendered before the district court proceedings commenced and inviting review and rejection of the judgment. Plaintiffs mentioned an argument regarding independent misconduct. This court has held that where the gravamen of the complaint seeks to void the judgment and therefore seeks review and rejection of the judgment, merely alleging independent misconduct is insufficient. I would point in particular to the Barlow decision that is cited at page 19, I believe, of Aukwin's brief. That has a good coverage of that particular point. Also, Judge Calabresi covers the issue with respect to emotional distress. It explains that when a plaintiff is clearly complaining of emotional distress caused by the result of a foreclosure judgment, that is a... But, I mean, I guess that's the question. I mean, are they alleging injuries caused by the judgment or injuries that were just sort of reinforced by the judgment? They're saying that the RICO activity predated the judgment in the state case, right? Respectfully, I disagree. Although they allege conduct preceding the judgment, the injuries that they complain of flow from the judgment. And with respect to the RICO claim, I might refer you to the Borani decision, which holds that a similar claim. Well, shouldn't we read a pro se's complaint broadly to say that the injuries, the mental, did not simply flow from the judgment, but were independent of it? We read pro se's broadly. So while we could read it your way, aren't we well bound to read it the other way? Respectfully, Judge Calabresi, although pro se filings are read liberally, you cannot manufacture claims or arguments that are simply not made in those filings. That's, for example, the Schlosser opinion that we cite in our brief at footnote two. And there really has been no such developed argument, merely a conclusory assertion that there is independent misconduct that is contradicted by the pleadings themselves. And I'm happy to talk with respect to any particular allegation with respect to a count. But if you go through count by count, each time the injuries that plaintiffs complain of are discussed, they speak to the results of the foreclosure judgment, not some sort of independent injury that comes from purported misconduct predating the judgment. But in any event, if the panel had any doubts about application of Rooker-Feldman, res judicata would clearly bar this suit. It was fully briefed to the district court. I and my friends raised it again in our briefing. This court can affirm on any ground, and we have examples in the briefing of the court doing so, even when the district court did not rely on res judicata. For example, in the Russo decision, the court dismissed the action on Rooker-Feldman grounds that's cited in our brief. This court affirmed on both Rooker-Feldman and res judicata grounds. It essentially said most, if not all, of the claims were properly dismissed on Rooker-Feldman grounds. And to the extent any were not, they were properly dismissed under res judicata. And in that case, Connecticut law applied under the Full Faith and Credit Act. It has the exact same kind of transactional test that New York law would apply. And the claims are very, very similar and also involved a foreclosure judgment here. And so to the extent the court has any doubts whatsoever, it can write the opinion saying simply most, if not all, of these claims were properly dismissed pursuant to Rooker-Feldman. To the extent they were not, the claims would be properly dismissed pursuant to res judicata. I mean, I guess. I mean, we're generally a court of review, not a court of first review, right? I mean, collateral stop on res judicata to a very fact-specific, claim-specific, argument-specific. So I mean, you're asking us to do what the district court could have done and chose not to do, right? Yes, but respectfully, I disagree that it is fact-specific. It is decided purely on the pleadings, and it's relatively straightforward. Yeah, well, we have to look at the pleadings. We have to then look at the prior judgment if it's res judicata. There's a lot of things we have to look at and compare and line up. I mean, this is not a situation where it's a 12B6, failure to state a claim, and we're applying the same standard. We're basically doing the same thing that the district court is doing anyway. This is one where we're doing the work for the first time. Sure, but respectfully, a few things. One, I think it's very clear on these pleadings. If you look at ECF 143.3, that's their answer. It raises the exact same arguments that form the basis of their allegations in this federal action. If you look at ECF 137.5 and 6, those are their summary judgment filings. They make, again, the exact same arguments that they are making in this federal case. The claims may be somewhat different, but that is of no moment under New York law. Under New York law, the test is when a claim has proceeded and been adjudicated to judgment, then any other claim arising from the same transaction is barred, whether or not it asks for different relief or presses a different legal theory. That's at pages 20 to 21 of the Ocwen brief. This is not a close call, and respectfully, the case has been in federal court for nearly seven years. A remand simply to have the district court come to a foregone conclusion that can be derived simply from looking quickly at these pleadings and straightforwardly applying New York preclusion law we submit would be a waste of judicial resources. The other thing is that I would say, when you're looking at cases that are dismissed under Rooker-Feldman, as the Supreme Court has explained, to the extent there's ever a problem with Rooker-Feldman is that it's sometimes confused, right, with preclusion doctrines. That's what ExxonMobil, for example, talked about a great deal when it spoke about narrowing the Rooker-Feldman doctrine and clarifying its scope, that oftentimes it's confused for proper dismissal on preclusion or abstention grounds. So it's quite common for courts to take an appeal from a Rooker-Feldman dismissal and look at it and say, you know, maybe the district court was a bit wrong about how the Rooker-Feldman was dismissed. The district court cited sort of old cases, wrong cases, cited the wrong cases in a couple of places. I mean, it didn't, its cites were not to the cases that it claimed to be citing. I mean, there's a lot to be, left to be desired in the district court's analysis. Would you agree? Well, respectfully, I think ultimately the court came to the right conclusion. By the end of the opinion, it goes through the proper four factors of the Rooker-Feldman test. It explained why the injuries here were caused by the state court judgment and why the plaintiffs asked improperly for review and rejection of that judgment. That's in the last two pages of the district court's opinion. I think ultimately that was correct and in any event, review is de novo and this court can affirm on any ground evident in the record. So the fraudulent demand and collection of payment from the Emilios on their mortgage, that's an injury that was caused by the state court judgment? I'm sorry, I didn't hear the beginning of the question. So I'm looking at count 11 and 13. That alleges that the defendants fraudulently demanded and collected payments from the Emilios in the, basically during the course of them having a mortgage, right? They were making mortgage payments that were fraudulently demanded and collected by the defendants. How is that caused by the state court judgment? Well, I think if you look at the injuries that are, say, at paragraph 104, they talk about taking the subject property from plaintiffs. So I think the primary injury, even with respect to say count 11, we're looking at willful and wanton gross negligence. Well, I mean, it seems to me they're not simply saying that they get the property back. They're saying that they were injured by making payments, right? They do allege an injury with respect to making payments. To the extent that the court wants to parse the claims and say, at least part of the injuries here clearly fall within the record of felon grounds and some small part of it doesn't, again, I think that that would simply run straight into preclusion. Right. No, I understand what you're saying. All right. Thank you. Thank you, Judge Rollin. All right, Mr. Emilio, you have a minute for rebuttal. Thank you, Your Honor. I think counsel just stated the narrow scope of Rooker-Feldman at the end of his argument, which is what I'm clearly stating. He also mentioned the TM, the 28-J letter, and that was filed on the 19th. I never received service of it, but that involves a direct attack on the state court judgment itself. Our complaint alleges independent federal interviewees that arise from the alleged fraudulent conduct, racketeering activity, and post-judgment misconduct. Even if certain forms of relief would be barred under TM, that does not eliminate jurisdiction over independent federal claims seeking damages. At the end, Judge Carter abstained, mostly abstained on his opinion and order. That would at least, if he could have expanded and provided the findings and facts and conclusions of law on it, that would have been something that I could have addressed here. I appreciate your time in hearing me, and that's all I have. All right. Thank you. Thank you, Mr. Emilio. Thank you, Mr. Evans and others. We will reserve decision. That concludes the arguments on today's calendar, and so with that, Ms. Molina, will you please adjourn court? Thank you very much.